IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GARY V. STANLEY, | § | |
| | § | |
| Defendant Below, | § | No. 456, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1812010757 (K) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: December 18, 2023
Decided: January 30, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Gary V. Stanley, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the basis that it is manifest on the face of Stanley's opening brief that the appeal is without merit. We agree and affirm.

(2) In March 2019, a grand jury indicted Stanley for multiple drug and weapon offenses. On September 10, 2019, Stanley pleaded guilty to drug dealing, carrying a concealed deadly weapon ("CCDW"), and possession of firearm

ammunition by a person prohibited ("PABPP"). As part of the plea agreement, the parties agreed to recommend a sentence with six years of unsuspended Level V time followed by probation with GPS monitoring. The Superior Court conducted a plea colloquy with Stanley and accepted his guilty plea.

(3) On November 27, 2019, the Superior Court sentenced Stanley as follows: (i) for CCDW, eight years of Level V incarceration, suspended after five years for eighteen months of Level III GPS; (ii) for drug dealing, fifteen years of Level V incarceration, suspended after one year for one year of Level IV Work Release or Home Confinement, followed by eighteen months of Level III GPS; and (iii) for PABPP, eight years of Level V incarceration, suspended for eighteen months of Level III GPS. Stanley did not appeal the Superior Court's judgment, but did file an unsuccessful motion for postconviction relief under Superior Court Criminal Rule 61.[1]

(4) On April 10, 2023, Stanley filed a motion for review of sentence that sought reduction of the Level V portion of his sentence and modification of the Level IV portion of his sentence. The Superior Court denied the motion, finding the motion was time-barred and the sentence was imposed under a plea agreement with a jointly recommended sentence. On November 8, 2023, Stanley filed a motion for

---

[1] *Stanley v. State*, 2022 WL 518460 (Del. Feb. 21, 2022) (affirming the Superior Court's denial of Stanley's Rule 61 motion).

correction of illegal sentence under Rule 35(a). The Superior Court denied the motion, finding the sentence was imposed pursuant to a plea agreement and was appropriate for all of the reasons stated at sentencing. This appeal followed.

(5) This Court reviews the denial of a motion for correction of illegal sentence for abuse of discretion.[2] We review questions of law *de novo*.[3] Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time."[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(6) As he did below, Stanley argues in his opening brief that his CCDW sentence is illegal because the sentencing order and Department of Correction records are internally contradictory. He is mistaken. In the sentencing order, the CCDW sentence is eight years of Level V incarceration, suspended after five years for eighteen months of Level III GPS. In the Department of Correction records Stanley provides, the CCDW sentence is described as eight years of Level V incarceration, suspended after five years at Level V to be followed by "GPS

---

[2] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).
[3] *Id*.
[4] Super. Ct. Crim. R. 35(a).
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[eighteen] months at Level [III]."[6]  There is no internal contradiction.  Stanley's argument otherwise relies on a condition in the sentencing order that requires GPS monitoring during Home Confinement, but that reliance is misplaced.  That condition is part of Stanley's drug dealing sentence and only applies if he is placed on Level IV Home Confinement for that sentence instead of Level IV Work Release.

(7)    Stanley also requests removal of the GPS monitoring condition.  The Superior Court may reduce the "term or conditions of partial confinement or probation, at any time," but will not consider repetitive requests for sentence reduction.[7]  Stanley has not shown that the Superior Court abused its discretion in denying his motion based on the parties' plea agreement and the court's conclusion that the sentence remained appropriate.

(8)    Finally, although Stanley has not raised this issue, his eighteen-month probation sentence for PABPP exceeds the one-year statutory limit for felonies that are neither violent nor drug-related.[8]  The PABPP probation sentence therefore must be corrected.

---

[6] App. to Opening Br., Ex. 4 (Offender Status Sheet).
[7] Super. Ct. Crim. R. 35(b).
[8] 11 *Del. C.* § 4333(b)(3) (providing that the period of probation for a crime that is not designated a violent felony under § 4201(c) or set forth in Title 16 shall not be more than one year).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, the judgment of the Superior Court is AFFIRMED, and Stanley's sentence is REMANDED for correction of the probation sentence imposed for his PABPP conviction.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice